**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------
RYAN DENNIS,

                             Plaintiff,

             v.                                          14-CV-1084
                                                            (GLS/CFH)

WILLIAM V. GRADY, et al.,

                             Defendants.
----------------------------------------------------------------

**APPEARANCES:**                           **OF COUNSEL:**

RYAN DENNIS
Plaintiff Pro Se
c/o 1077 Mountain Avenue
Purling, New York 12470

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint and amended complaint brought by pro se plaintiff Ryan Dennis ("Dennis") presumably pursuant to 42 U.S.C. § 1983[1] and various New York State statutes. Compl. (Dkt. No. 1); Am. Compl. (Dkt. No. 5). Dennis has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 2. Dennis also seeks (1) permanent injunctive relief restraining all defendants from proceeding with Dennis' criminal matters (Compl.; Am. Compl. at 1; Dkt. No 6), and (2) permission to substitute a party, Peter M. Forman, to replace the originally named defendant, Paul M. Forman (Dkt. No. 4).

---

[1] Dennis alleges that various constitutional rights have been violated in connection with his arrest and subsequent criminal prosecution. See Am. Compl. (Dkt. No. 5) at 11-12.

## I. DISCUSSION

### A. Application to Proceed IFP

Dennis has submitted an IFP Application. After reviewing the entire file, the Court finds that plaintiff's financial status qualifies him to file this action without prepaying in full the $350.00 filing fee. Plaintiff's request to proceed IFP in this action is therefore granted.

### B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Dennis brings this action pursuant to 42 U.S.C. § 1983. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

Dennis outlines two events which gave rise to a criminal proceeding which is the basis

2

of his complaint.  On March 17, 2013, Dennis was stopped for a traffic infraction.  Dkt. No. 5 at 23.  When Dennis refused to speak with local law enforcement and called "911", the Troopers were dispatched.  Id.  Upon conversing with the Troopers, Dennis stated that he had a pistol in his vehicle.  Id.  The car was searched and the handgun was found.  Id. Dennis had a concealed carry permit which allowed him to carry pistols; however, this particular pistol was not listed as one of his firearms on the permit.  Id.  The Troopers confiscated the gun and began an investigation.  Id.  It was discovered that Dennis was a resident of Vermont where an individual did not require a concealed carry permit to carry a pistol and that the pistol had been legally purchased.  Id.  Dennis was traveling through New York and intended to return to Vermont[2], so the Troopers concluded that no further investigation was needed, returned Dennis' firearm to him, and released him.  Id.

In May of 2013, Dennis was arrested in Dutchess County for what appears to be driving with a suspended license.  Am. Compl. at 1.  In connection with the arrest, Dennis' vehicle was searched and he was charged with a violation of New York Penal Law § 265.03[3].  Id. On September 3, 2013, Dennis was in town court in Dutchess County for the above matter when he was given a summons for Ulster County Court on the same charges.  Id. at 2.  On November 14, 2013, Dennis was forced into Dutchess County Court for an arraignment on

---

[2] In Dennis' IFP application he indicates that he now lives with his father, which is presumably the New York address listed on the docket by Dennis as his permanent address.  Dkt. No. 2; see generally Dkt. Sheet heading (indicating Dennis is in Purling, New York).  Dennis' amended complaint also indicates that "he is obliged to domicile in the Catskills, preferring Vermont."  Am. Compl. at 4.  It is unclear when Dennis moved from Vermont to New York.

[3] Penal Law § 265.03 outlines the elements for criminal possession of a weapon in the second degree.

an indictment in connection with the above matter, remanded to jail for twelve days, and let

out on $100,000 bond. Id.  A trial was scheduled for July 28, 2014. Id.  On that day,

Dennis accepted a plea, for a D violent felony with five years probation. Id. at 2-3.  The

sentencing was scheduled for September 16, 2014. Id. at 3.

The gravamen of Dennis' complaints deal with the arrest process, criminal

representation, plea, and consequences he faces as a felon.  See generally Am. Compl.

Dennis also contends that the New York statutory schemes which he has included in his

complaint, namely New York Penal Laws §§ 265.03 and 400 "may be constitutional in their

entirety, considering all legislative intent," however, the manner in which they were applied

against him in connection with his criminal prosecution was not.  Am. Compl. at 15-16.

Accordingly, the thrust of Dennis' complaint and request for emergency injunctive relief all

stem from his criminal prosecution and plea.

The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Dennis' claims regarding the

inappropriateness of his arrest, the search of his vehicle, the criminal charges, prosecution,

and representation, and ultimate plea, or anything else which stemmed from it, represent

challenges that fall squarely within the ambit of Heck.  Accordingly, were Dennis to succeed

4

on any theory espoused above, he would necessarily call into question the validity of his sentence. As such, all of these claims are barred because he has failed to show that the sentence has been overturned. See Duamutef v. Morris, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under Heck where the plaintiff's underlying conviction had not been overturned). Accordingly, such claims would be barred under Heck and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) is recommended as Dennis' complaint lacks an arguable basis in law.

In light of Dennis' pro se status, an opportunity to amend would generally be recommended prior to outright dismissal. However, in this instance, Heck bars any claims unless or until the invalidation of Dennis' sentence. This has yet to happen; therefore, amendment is futile and unnecessary. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

## II. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that Dennis' motion to proceed In Forma Pauperis (Dkt. No. 2) is **GRANTED**;[4] and it is further

---

[4] Plaintiff should note that although his in Forma Pauperis Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Dennis' complaint be dismissed as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) and failure to state a claim; and it is further

**RECOMMENDED**, that pursuant to the pending Report-Recommendation and Order, Dennis' remaining motions for (1) emergency injunctive relief (Compl.; Am. Compl.; Dkt. No. 6) and (2) substitution of parties (Dkt. No. 4) be **DENIED WITHOUT PREJUDICE** as moot with a right to renew if this Report-Recommendation and Order is not adopted by the presiding District Judge; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation."  N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Date:  September 23, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

6